IN THE MATTER OF THE CLAIM OF ABRAHAM SHEAR *vs.* THE ESTATE OF JOHN L. SHEAR, DECEASED.

It is not necessary that a person appealing from the decision or report of Commissioners in allowing a claim against the estate of a deceased person, should show by his application for appeal that he appeared before the Commissioners and objected to the allowance.

It is sufficient if it appear by such application that the sum allowed by the Commissioners, and to which he then by his application objects, is at least twenty dollars.

An executor may appeal from such allowance, and contest such claim, if the testator himself, if living, could have done so.

Whether, as the foundation for a motion to dismiss such appeal, the fact that an appellant in such case had parted with his interest in the estate, may be shown by affidavit or other evidence outside the record—*Query.*

A and B were children and the only heirs-at-law of S, who died intestate. A was appointed administrator of the estate. B then gave A a deed of conveyance granting to him all his interest in the estate of S, and at the same time received from A a bond reciting such conveyance, and conditioned that A would, within one year after the estate should be settled, pay to B whatever his interest so conveyed should amount to, and A afterwards procured the allowance of a claim against the estate in his own favor. *Held*, that the conveyance and bond must be construed as one instrument, and that B had not so parted with his interest in the estate as to prevent him or his executor from appealing from such allowance and contesting the claim.

*Washtenaw Circuit, February,* 1870.

Motion to dismiss appeal, by *C. Joslin, Esq.*, in behalf of Abraham Shear, the Claimant and Appellee.

*Hon. E. Lawrence*, for Appellant, opposing.

ABRAHAM SHEAR *v.* THE ESTATE OF JOHN L. SHEAR.

*By the Court*, HIGBY, J.—It appears that Abraham Shear and Benjamin Shear were brothers, and the only heirs-at-law of John L. Shear, deceased; that Abraham was administrator of the estate of said deceased; that an arrangement was effected between Abraham and Benjamin, whereby Benjamin conveyed to Abraham, by a quit-claim deed, certain real estate therein described, and also *all his interest in the personal estate* of said John L. Shear, deceased. (On hearing the motion, an affidavit of Abraham was read, stating, in effect, that the deed described *all* the estate of said deceased.) It further appears that, at the same time of the execution and delivery of such deed, a bond, in a penal sum, was executed by Abraham to Benjamin reciting the deed, and conditioned that " if the said Abraham Shear shall pay to the said Benjamin Shear the full amount which he, the said Benjamin Shear, is, or may be, entitled to, as heir to the said John L. Shear, within one year from the date hereof, or within one year after said estate shall be settled," then said obligation should be void, otherwise of force—the bond and its condition being the consideration for the deed. Afterwards, Benjamin died, having made his will, the appellant being the executor.

Abraham afterwards made a claim against the estate of John L Shear, which was allowed by the Commissioners, and from such allowance the present appeal is taken.

This motion is to dismiss such appeal, and the following grounds are alleged : ·

1st. That it is not alleged in the reasons for appeal that the amount of $20.00 more was allowed, which was objected to, before the Commissioners, and it does not appear that any objections were made before the Commissioners.

2d. That the appellant, Chauncey Lott, executor, &c., has no interest as creditor, devizee, legatee, or heir of John L. Shear, deceased.

3d. That Benjamin Shear, deceased, had, before his death, parted with and conveyed all his interest in the estate of John L. Shear, deceased, to Abraham Shear, the administrator.

It should be stated that neither the quit-claim deed from Benjamin to Abraham, the bond made by the latter, or the affi-

davit referred to, appear upon the record, but were introduced as extrinsic evidence on the hearing—the deed and affidavit by the appellee in support of his motion, and the bond by the appellant in resisting it.

First. The first reason for dismissal is based upon the language of the second subdivision of section 2937 of the Compiled Laws, and on the words, " being objected to," as therein used.

The statute is as follows : " No appeal shall be allowed from the decision and report of the Commissioners, except in the following cases :

" 1.    *   *   *

" 2. When the Commissioners shall allow any claim, in whole or in part, and the sum allowed, being objected to, shall amount to twenty dollars."

It is insisted by counsel that under this subdivision no appeal can be allowed, except by a person who has appeared before the Commissioners, and there objected to the allowance of a claim, and that at least $20.00 in amount of the claim so objected to has been allowed, notwithstanding such objection.

My attention was called to this subdivision, and the construction thus claimed for it in a former case at this term. The decision of that case rendered it unnecessary to express any opinion on this question. It appeared to me, however, at that time, and a more mature consideration of it now confirms me in the opinion, that the construction contended for is too strict and technical. Any person interested in the estate, as creditor devizee, legatee or heir, is authorized to appeal, if the administrator declines (§ 2944). By the construction contended for each person claiming as creditor would find it necessary to attend before the Commissioners and object to the claim of every other creditor ; every devizee, legatee or heir would be subjected to the same necessity, otherwise the right to appeal in case an unjust or wrongful claim were allowed, would be waived by each person so neglecting.

This would render the examination of claims before Commissioners a tedious and complicated proceeding, while it was evidently designed to be an informal, direct and simple one.

I think the better construction is, that the person appealing shall show by his appeal that the sum allowed by the Commissioners, and to which he *then* by his claim of appeal objects, is at least twenty dollars. This view is not only more in harmony with the general spirit of the law, but is the more natural construction of the words, "being objected to." They imply present time—the time the appeal is taken—and not past time, or the time of the allowance by the Commissioners, for which purpose, "having been objected to" would be more appropriate.

This objection, therefore, is not well taken.

Second. This objection must be overruled. Chauncey Lott, as an individual, does not make this appeal. . He does so as executor, representing the estate of Benjamin Shear, deceased, standing in his place and vested with all his interests, including his interest in the estate of John L. Shear. I have no doubt he is entitled to bring this case here by appeal, if Benjamin Shear himself, as an heir-at-law of John L., could have done so, if living. The case of *Arnold vs. Waldo*, 36 Vt., 204, fully sustains this view.

Third. But it is claimed by counsel that Benjamin Shear, if living, could not have appealed in this case, for the reason that, before the allowance of this claim by the Commissioners, he had parted with all his interest [in the estate of John L Shear, deceased, and consequently was a mere stranger to the estate.

In support of this the deed and affidavit were read, and (*contra*) the bond as before stated.

The hearing of the motion upon this branch of it was objected to, or rather the introduction of the deed and affidavit, as evidence was objected by counsel for the appellant, he claiming that a want of jurisdiction as a ground for such a motion as the present could not be shown by extrinsic evidence; that the defect for such a purpose must be apparent upon the record, and the case before cited, *Arnold vs. Waldo* sustains this view.

But I am satisfied the objection cannot be sustained on the merits, admitting all the papers in evidence. The deed and bond were executed simultaneously, were parts of the same transaction and must be continued together as one—and show clearly that Benjamin Sheer did not part with his interest in the

estate. That his interest remained the same after the execu tion of the papers as before. Abraham, who was administrator. of his fathers estate, was to pay Benjamin ultimately, after the settlement of the estate what his interest as an heir would amount to—the papers being executed apparently to facilitate the settlement of the estate, by vesting the legal title to the whole estate in Abraham as a trustee—and Benjamin's interest in preserving the estate, or resisting the allowance of unjust claims and in scruing an economical administration remained unimpaired. The amount he would ultimately receive from Abraham, the administrator, by the condition of the bond, would depend on the amount of the estate, and the economy and integrity with which it should be administered by Abraham. The papers therefore do not disclose a want of interest in Benjamin Sheer deceased, or his executor. The motion is overruled with eosts.